UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ILIRJAN BIDA,

               Plaintiff,

          - against -

BRUCE RUSSO,

               Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-104 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge:

On January 2, 2014, plaintiff, Ilirjan Bida, proceeding *pro se*, filed the instant complaint, seeking an order compelling the Federal Emergency Management Agency ("FEMA") to release documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Compl. (Doc. No. 1).) Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for purposes of this Memorandum and Order. For the reasons set forth below, the complaint is dismissed with leave to amend.

## BACKGROUND

For purposes of this Memorandum and Order, the Court assumes that the allegations plaintiff makes in his complaint are true. *See, e.g.*, *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Plaintiff owns real property located at 141 Haven Avenue, Staten Island, New York ("the home"). Defendant, Bruce Russo, was his tenant. On October 29, 2012, Hurricane Sandy damaged the home and "destroyed totally" the basement, where plaintiff and defendant each had personal property. (Compl. ¶ III.) On November 6, 2012, a FEMA employee inspected the property and told plaintiff that defendant would receive money from FEMA and reimburse plaintiff for the cost of cleaning the property, which was $1,500. Defendant received "[a]round

1

$30,000" from FEMA but failed to pay plaintiff the $1,500.00, as well as two months' rent, and left the home.

Plaintiff filed the instant action on January 2, 2014, naming Russo as the sole defendant. Plaintiff seeks an order compelling FEMA to "release my tenant file." (*Id*. ¶ IV.)

## DISCUSSION

### I. Standard of Review

A plaintiff must establish that the court has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Rene*, 32 F. Supp. 2d at 541–42 (dismissing *pro se* complaint for lack of subject matter jurisdiction). Subject matter jurisdiction exists in federal court only when the (1) complaint presents a federal question, 28 U.S.C. § 1331, or (2) plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00, *id*. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

A plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678. The Court construes a *pro se* plaintiff's allegations liberally, to raise the strongest arguments that they suggest. *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006). However, 28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss an *in forma pauperis* action that (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. A plaintiff's

*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## II. The Complaint Must Be Dismissed

### A. FOIA

FOIA generally provides that any person has a right, enforceable in court, to obtain access to executive branch federal agency records unless a statutory exemption protects the records from public disclosure. *See* 5 U.S.C. § 552(b). Further, FOIA provides that

> [T]he district court . . . in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

*Id*. § 552(a)(4)(B).

FOIA also specifies how a person seeking information from an agency must proceed. First, the person must make a request to the agency. *See* 5 U.S.C. § 552(a)(6)(A)(i). If the agency denies this initial request, the person must appeal to the agency's head. *See id*. § 552(a)(6)(A)(i)–(ii). FOIA limits the agency's time to rule on both an initial request and an appeal, and provides for extensions in limited circumstances. *See id*. § 552(a)(6)(A)–(C). If the agency fails to adhere to the statutory time frame, the person "shall be deemed to have exhausted his administrative remedies." *Id*. § 552(a)(6)(C)(i).

### B. Failure to Name a Proper Defendant

"[FOIA] authorizes suit against federal agencies, not against individuals." *Times Newspapers of Great Britain, Inc. v. Central Intelligence Agency*, 539 F. Supp. 678, 685 (S.D.N.Y. 1982) (internal quotation marks omitted) (dismissing FOIA claim); *Mamarella v.*

3

*Cnty. of Westchester*, 898 F. Supp. 236, 237 (S.D.N.Y. 1995) ("[T]he plain language of [FOIA] provides that only 'agencies' are subject to the FOIA . . . the statute[] do[es] not create a cause of action against individuals.")

Here, plaintiff asserts that FOIA entitles him to FEMA records and asks the Court to order FEMA to produce those records. However, he names only Russo, and fails to name FEMA, as a defendant. Plaintiff, therefore, fails to state a claim against a proper defendant.

### C. Failure to Allege Exhaustion of Administrative Remedies

Merely substituting FEMA as a defendant would not salvage the complaint, as plaintiff fails to plead that he has exhausted his administrative remedies. *See, e.g.*, *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies."). "The purpose of the [exhaustion] requirement is to allow the agency the opportunity to exercise its expertise and develop a record for review." *Sussman v. United States Dep't of Justice*, No. 03 CV 3618, 2006 WL 2850608, at *4 (E.D.N.Y. Sept. 30, 2006).[1] To withstand dismissal, a FOIA plaintiff must plead in his complaint that he has exhausted his administrative remedies. *See*, *e.g.*, *Torres v. Dep't of Homeland Security*, No. 09 CV 8640, 2010 WL 4608431, at *4 (S.D.N.Y. Nov. 2, 2010) (report and recommendation) (dismissing FOIA claim where "plaintiff has not made any allegations concerning exhaustion of administrative remedies"), *adopted by* No. 09 CV 8640 (Doc. No. 17) (S.D.N.Y. Nov. 23, 2010), *aff'd*, 441 F. App'x 812 (2d Cir. 2011); *Dennis v. C.I.A.*, No. 12 CV 4207, 2012 WL 5493377, at *3 (E.D.N.Y. Nov. 13, 2012) (dismissing FOIA claims for failure to plead exhaustion of remedies).

---

[1] Whether exhaustion of remedies is a "jurisdictional" requirement implicating Rule 12(b)(1) or, instead, a "prudential doctrine that should be addressed either on a Rule 12(b)(6) motion to dismiss or a motion for summary judgment" is a matter on which the Second Circuit has not explicitly opined, and on which district courts have differed. *Roman v. C.I.A.*, No. 11 CV 5944, 2013 WL 210224, at *5 (E.D.N.Y. Jan. 18, 2013) (collecting cases).

Here, plaintiff alleges only that a *subpoena duces tecum* from state court "is ineffective to compel the release of a federal agency's records." (Compl. ¶ II.) He makes no allegations concerning what requests, if any, he has made to FEMA. Accordingly, he fails to plead that he exhausted his administrative remedies.

For these reasons, the complaint is dismissed with leave to amend. If plaintiff wishes to amend his complaint, he must do so within thirty (30) days of the date of this Memorandum and Order. The amended complaint must be clearly labeled "Amended Complaint" and bear the docket number of the instant action, 14 CV 104. If plaintiff fails to amend his complaint within the allotted time, the Court will dismiss this action without prejudice.

## CONCLUSION

For the reasons stated herein, the complaint is dismissed with leave to amend within 30 days of the date of this Memorandum and Order. The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff at the address the docket lists for him, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 9, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge